■ VICTOR J. JUBERT et al., Respondents, v SCOTT BECHARD, Appellant. [652 NYS2d 872] —Crew III, J. Appeal from an order of the Supreme Court (Dawson, J.), entered February 2, 1996 in Clinton County, which, *inter alia*, granted plaintiffs' motion for summary judgment.

Between December 1991 and May 1993, defendant purchased 18 dairy cows from plaintiffs for a total of $21,400. Shortly after accepting the last shipment of cattle, defendant noticed that his herd was infected with what ultimately was diagnosed as hairy heel wart disease. Attributing such infestation to the cattle purchased from plaintiffs, defendant ceased making the agreed-upon payments to plaintiffs for the cattle at issue. Plaintiffs thereafter commenced this action against defendant for the balance of the purchase price due ($4,622), and defendant answered and asserted a counterclaim for breach of warranty. After serving a reply to the counterclaim, plaintiffs moved for summary judgment on their contract claim. Supreme Court granted plaintiffs' motion, and this appeal by defendant followed.

Defendant appears to argue on appeal that Supreme Court erred in granting plaintiffs' motion for summary judgment because he is entitled to a reduction in or offset against the purchase price of the cattle due to plaintiffs' alleged breach of warranty, i.e., selling him cattle that were not healthy. We cannot agree. Assuming, without deciding, that defendant has

a valid breach of warranty claim, defendant nonetheless has admitted the terms of each of the subject sales, including the amounts due, and, as such, plaintiffs have demonstrated their entitlement to judgment as a matter of law on their contract claim. As for defendants' counterclaim, under the particular circumstances present here, we cannot say that said counterclaim is so inextricably intertwined with plaintiffs' breach of contract claim as to preclude summary judgment in plaintiffs' favor. Defendant's remaining contentions have been examined and found to be lacking in merit.

Cardona, P. J., Mikoll, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is affirmed, without costs.